# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

```
RONNIE KENT,                      )
                                  )
                Plaintiff,        )   CIVIL ACTION
                                  )
v.                                )   No. 12-1433
                                  )
ROBERT REEVES,                    )
                                  )
                Defendant.        )
                                  )
```

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss for lack of personal jurisdiction. (Doc. 5). The motion has been fully briefed and is ripe for decision. (Doc. 9). Defendant's motion is granted for the reasons herein.

**I.   Facts**

Plaintiff is a resident of Norton County, Kansas. Defendant is a resident of Texas. Defendant, allegedly operating as C & R Refrigeration, Inc., advertises refrigeration products on a website and in a national trading magazine. Plaintiff initially contacted defendant by phone to inquire about "software" of an undescribed nature. Defendant avers that neither he nor his agents traveled to Kansas at any time. Plaintiff contracted by phone with defendant at defendant's place of business in Texas to purchase software for plaintiff's business. Plaintiff paid $82,812.28 to defendant.

Plaintiff filed a petition in the District Court of Norton County alleging a breach of contract and violations of the Kansas Consumer Protection Act. Defendant removed the case to this court and now moves to dismiss the petition on the basis that this court lacks

personal jurisdiction.

**II. Analysis**

The court has discretion to consider affidavits on a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). See Behagen v. Amateur Basketball Ass'n of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984). If defendant challenges the jurisdictional allegations, plaintiff must support the jurisdictional allegations by competent proof of the supporting facts. Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989). All factual disputes, however, are resolved in plaintiff's favor. See id. Further, the allegations in the complaint must be taken as true to the extent that they are uncontroverted by defendants' affidavits. Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true).

In this case, plaintiff alleged in his petition that defendant, through his agents, met with plaintiff in Norton County, Kansas, and that the product was delivered by defendant to Kansas. Defendant, however, controverts that meeting in his affidavit. Plaintiff, in his response, has not attempted to refute defendant's statements in his affidavit. Rather, plaintiff argues that defendant's national advertising and website constitute sufficient contacts to submit defendant to the jurisdiction of Kansas courts. Therefore, defendant's contacts with Kansas consist of calls to defendant by plaintiff, national advertising in a magazine and an internet website.

The Court applies a two-part test to analyze Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction over a

-2-

nonresident defendant. First, defendant's conduct must fall within a provision of the Kansas long-arm statute, K.S.A. 60-308. Kansas courts construe the long-arm statute liberally to assert personal jurisdiction over nonresident defendants to the full extent permitted by the limitations of due process. Volt Delta Res. Inc. v. Devine, 241 Kan. 775, 777, 740 P.2d 1089, 1092 (1987). Second, defendants must have sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. See Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1357 (10th Cir. 1990). Because the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, the court will proceed directly to the constitutional question.

For the court's exercise of jurisdiction to comport with due process, defendant must have "minimum contacts" with the State of Kansas, "such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" Dudnikov v. Chalk & Vermillion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008). "Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on the forum-related activities:

> General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state, and does not require that the claim be related to those contacts. Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for "benefitting" from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.

Id. The court will discuss both general and specific jurisdiction as plaintiff has not identified which jurisdiction is applicable in this

case.

## General Jurisdiction

General jurisdiction exists over a nonresident defendant whose contacts with the state are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). To find general jurisdiction exists in this case, a nonresident defendant "must have a substantial amount of contacts with the forum state." Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996). In determining whether a defendant has substantial contacts with the forum state, the court considers the following four factors: (1) whether defendant solicits business in the state through local office or agents; (2) whether defendant sends agents into the state on a regular basis to solicit business; (3) the extent to which defendant holds himself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by defendant. Id.

Defendant first avers that he does not solicit business in Kansas, and supports this assertion with an affidavit. Similarly, defendant avers that he does not travel to Kansas on a regular basis to solicit business. Defendant also supports this assertion with an affidavit. Plaintiff has not contradicted or produced affidavits that directly address these points. Therefore, the first two factors weigh in favor of defendant.

Regarding the third Trierweiler factor, plaintiff contends that defendant holds himself out as doing business in Kansas through his Internet website and magazine advertisement. In Shrader v. Biddinger, 633 F.3d 1235 (10th Cir. 2011), the Tenth Circuit held that in order

-4-

to find that a defendant's website activities support the exercise of personal jurisdiction, the court must determine that the Internet user or the website "intentionally directed activity or operation at the forum state rather than just having the activity or operation accessible there." Id. at 1240.  The Circuit explained that a website may subject the operator to general jurisdiction "only when the defendant has actually and deliberately used its website to conduct commercial transactions on a sustained basis with a substantial number of residents of the forum."  Id.

Defendant's website does not support a finding that defendant has directed his activity towards Kansas.  Rather, it merely lists items available for sale and informs the user of the nature of the company's business.  The court finds that the website alone does not support a finding of general jurisdiction.  Id.  In addition, plaintiff points to a single advertisement in a national magazine as support for general jurisdiction.  The Tenth Circuit has repeatedly held that advertizing in nationally distributed magazines does not support general jurisdiction. Id. at 1244.  Therefore, the third factor weighs in favor of defendant.

With respect to the final factor, the volume of business defendant conducts in Kansas, defendant stated in his affidavit that he has no business in Kansas and does not regularly conduct business in Kansas.  Plaintiff has not offered any evidence as to the volume of business defendant has in Kansas.  The final factor weighs in favor of defendant.

Weighing the four Trierweiler factors, the court finds that plaintiff has not met his burden of establishing a prima face case

-5-

that defendant has continuous and systematic contacts with Kansas that justify the exercise of general personal jurisdiction. The court proceeds to consider whether specific personal jurisdiction is present in this case.

**Specific Jurisdiction**

Specific jurisdiction exists over a nonresident defendant if he has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). In a contract action, the Tenth Circuit has stated that the court must ask "whether the defendant 'purposefully availed' itself of the privilege of conducting activities or consummating a transaction in the forum state." Id.

The only activities alleged by plaintiff to satisfy specific jurisdiction are the phone call by plaintiff to defendant and the delivery of the product. Generally, phone calls, letters, or emails are not sufficient to establish personal jurisdiction over a defendant. Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1077 (10th Cir. 1995). In this case, plaintiff called defendant and purchased a product. Defendant has not "purposefully availed" himself of the privilege of conducting business in Kansas as a result of plaintiff's phone call.

In addition, plaintiff asserts that the product was delivered to Kansas and "set up in Kansas." (Doc. 9 at 2). However, defendant has filed an affidavit stating that he and his agents have not traveled to Kansas to do business with plaintiff. Plaintiff cannot controvert

this affidavit by making an argument in a brief. Therefore, the fact that a product was delivered to the state of Kansas cannot support a finding that defendant purposely directed his activities toward Kansas residents.

The court finds that plaintiff has not met his burden of establishing that defendant has purposely directed his activities at residents of Kansas that justify the exercise of specific personal jurisdiction.

**III. Conclusion**

Defendant's motion to dismiss (Doc. 5) is granted.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __28th__ day of February 2013, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDG

-7-